IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-97-137-2 |
| § | CIVIL ACTION NO. H-07-478 |
| ESNORALDO DE JESUS POSADA-RIOS, § | |
| § | |
| Defendant-Movant § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Esnoraldo De Jesus Posada Rios' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 2179),[1] and Memorandum of Fact and Law in Support of Movant's § 2255 Motion (Document No. 2178), the United States' Answer and Motion to Dismiss (Document No 2182), and Movant's Response to the Government's Motion to Dismiss (Document No. 2192). After reviewing Movant's § 2255 Motion and Memorandum in Support, the Government's Answer and Motion to Dismiss, and Movant's Response thereto, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss (Document No. 2182) be GRANTED, that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 2179) be DENIED, and that this § 2255 proceeding be DISMISSED as time barred.

---

[1] Esnoraldo De Jesus Posada-Rios' Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-07-478 and at Document No. 2179 in Criminal Action No. H-92-137. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

I.       **Procedural History**

Movant Esnoraldo De Jesus Posada-Rios ("Posada-Rios"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Posada-Rios' first attempt at § 2255 relief.

On December 14, 1992, Posada-Rios, and thirty-four co-defendants were charged in a superseding indictment with drug trafficking activities. (Document No. 379). Posada-Rios was charged in count one with conspiracy to participate in a RICO enterprise alleging over 103 overt acts in violation of 18 U.S.C. § 1962(d), in count two with participating in a RICO conspiracy alleging 177 racketeering acts in violation of 18 U.S.C. § 1962(c), and in count three with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (Document No. 379). Posada-Rios was found guilty by a jury on all counts on October 19, 1993. (Document No. 1018). On August 26, 1994, Posada-Rios was sentenced to concurrent terms of life imprisonment on counts one, two and three, to be followed by a ten year term of supervised release on count 3, and a five year term of supervised release on counts one and two, all terms of supervised release to run concurrent, and a $150 special assessment. (Document No. 1189, 1243). Judgment was entered on September 8, 1994. (Document No. 1243). Posada-Rios appealed his conviction to the Fifth Circuit Court of Appeals. The Fifth Circuit, unpersuaded by Posada-Rios' contention that the district court erred by sentencing him as a Career Criminal Offender under U.S.S.G. § 4B1.1, affirmed Posada-Rios' conviction and sentence in a lengthy opinion published on October 21, 1998. *United States v. Posada-Rios*, 158 F.3d 832 (5th Cir. 1998) (Document No. 1906, 1918). As to the overall drug trafficking organization, the Fifth Circuit wrote: "Samuel Posada-Rios supplied cocaine to a number of major distributors, including Esnoraldo De Jesus Posada-Rios .... Each of the major distributors had his or her own distributor customers."

*Posada-Rios*, 158 F.3d at 842.   With respect to Posada-Rios' participation in the drug trafficking organization, the Fifth Circuit wrote:

> Samuel Posada-Rios continued his drug trafficking enterprise from Columbia, calling Espaillat on a daily basis.  Carlos Moncada took over the Houston enterprise until his arrest on September 9, 1988.  Samuel Posada-Rios then designated Arial Ochoa as his successor in Houston to distribute Colombian cocaine.  Samuel Posada-Rios also designated his brother, Esnoraldo De Jesus Posada-Rios, as his local successor to collect money owed him for previous cocaine deliveries.  The money owed was recorded in ledgers that Espaillat retrieved from Samuel Posada-Rios' house and gave to Miguel Cardona and Esnoraldo Posada-Rios.  Esnoraldo Posada-Rios was arrested in August of 1988.  Samuel Posada-Rios instructed Espaillat to bond Esnoraldo out of jail and to find him a place to live.  Samuel Posada-Rios promised Espaillat 15 kilograms of cocaine for putting up Esnoraldo's bond.  Espaillat complied and moved Esnoraldo to 9001 Jones Road, #1111, after bonding him out of jail.
>
> After his release from jail Esnoraldo and Ariel Ochoa worked together at Samuel Posada-Rios' direction. (After his release from jail Esnoraldo also collected over $2 million of Samuel's drug debts.)  Ochoa had agreed with Samuel Posada-Rios to supply Esnoraldo with up to 150 kilograms of cocaine per week.  Esnoraldo met with Ochoa at the Two Pesos restaurant on FM 1960 to arrange for additional deliveries of cocaine.  Maximo Perez, a friend from the Dominican Republic whom Espaillat recruited to come to Houston, attended the meeting with Esnoraldo; and Ochoa was accompanied by Tatiana Bedoya, his girlfriend, and Elisa Grajales Murga, his ex-wife.  After the meeting Murga and Bedoya delivered 25 kilograms to Esnoraldo at Ochoa's direction.  Espaillat purchased 2 kilograms of this delivery.  Again through Murga and Bedoya, Ochoa delivered a second 75-kilogram load to Esnoraldo and Maximo Perez in November of 1988.
>
> In January of 1989 Esnoraldo Posada-Rios had arranged for Espaillat to make a cocaine delivery.  Espaillat had spotted surveillance agents earlier that day.  Afraid that he was about to be arrested, he called a friend from his car to retrieve the cocaine he was carrying.  Although Espaillat delivered what he believed to be all of the cocaine to the friend, when his car was stopped by police 1 kilogram was discovered on the back seat floorboard.  The Jones Road apartment was searched later that day, and nine packages of cocaine, weighing paraphernalia, guns, and ammunition were seized.
>
> Esnoraldo Posada-Rios talked to Espaillat two days after this arrest to locate the 3 kilograms of cocaine that Espaillat had turned over to his friend.  Esnoraldo then fled to New York, where he ran Samuel Posada-Rios' New York cocaine distribution operation.  New York police arrested Esnoraldo on January 24, 1990, at an apartment where they also seized a machine gun, ammunition, and cocaine that belonged to him.  *Posada-Rios*, 158 F.3d 844.

Posada-Rios did not file a petition for writ of certiorari with the United States Supreme Court. The 90 day period for filing a petition for writ of certiorari with the Supreme Court expired on January 19, 1999. SUP. CT. R. 13.1 ("A petition for certiorari ... is timely when it is filed ...within 90 days after entry of the judgment."); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires"); *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (§ 2255's statute of limitations begins to run when the time for filing a petition for certiorari expires). As such, Posada-Rios judgment and conviction became final on January 19, 1999.

The docket sheet reveals that Posada-Rios filed a Letter Motion on February 8, 1999, in which he requested that Judge Harmon order counsel to return his file and records or, in the alternative, order the clerk of the court to provide copies of the trial and sentencing proceedings, free of charge. Posada-Rios argued that materials were to aid him in preparing a § 2255 motion. (Document No. 1922). In an Order entered February 12, 1999, Judge Harmon ordered Posada-Rios' trial counsel to provide Posada-Rios the materials in his possession. As for Posada-Rios' request for free transcripts, Posada-Rios' request was denied because "a motion for a free transcript *prior to the filing* of a § 2255 motion is premature." (Document No. 1923) (emphasis added). Judge Harmon wrote:

> As for Defendant's alternative requests, a motion for a free transcript prior to the filing of a § 2255 is premature. Title 28 U.S.C. § 753(f) provides that free transcripts may be provided to indigent petitioners "if the trial judge or circuit judge certifies that this suit is not frivolous and that the transcript is needed to decide the issue presented." Restrictions on an indigent prisoner's right to free transcripts for collateral relief purposes are constitutional; there is no absolute right to such records to help a petitioner prepare his section 2255 motion, and constitutional requirements

are satisfied if the court first has an opportunity to decide whether the motion is not frivolous and that a transcript is necessary to rule on the issue raised in his motion. *United States v. MacCollum*, 426 U.S. 317 (1976); *United States v. Losing*, 601 F.3d 351 (8th Cir. 1979). Moreover, an indigent defendant is not entitled to a free transcript if he had access to the record on direct appeal. *Smith v. Beto*, 472 U.S. 164, 165 (1973). *See also United States v. MacCollum*, 426 U.S. 317, 325-26 (1976). (Document No. 1923).

The docket sheet further shows that Posada-Rios sent to the Court a second letter motion (Document No. 2039) that was filed on February 12, 2001, and in which he stated that attempts to obtain the records from his trial counsel had been unsuccessful and he again re-urged his earlier request for materials related to the case, namely a free copy of the indictment, trial jury instructions, defense objections to the presentence report, and a sentencing transcript, all of which Posada-Rios claimed were necessary to prepare a § 2255 motion. Based on Posada-Rios' allegations, Judge Harmon set a show cause hearing concerning Posada-Rios' claim that counsel had not responded to the Court's Order of February 12, 1999. (Document No. 2044). Following the show cause hearing, Judge Harmon issued an Order that was entered on April 2, 2001, denying as moot Posada-Rios' motion for free transcripts. The Court wrote:

> The Court has previously indicated to Defendant to request copies of the materials from his trial attorney, who would have them from his appeal. Because the pending letter states that his trial counsel, Mr. Ralph Martinez, did not answer Defendant's letters requesting these materials, the Court ordered Mr. Martinez to appear for a hearing on the matter. At the hearing on March 23, 2001, Mr. Martinez explained, with copies of the receipts, that he had shipped the materials to Defendant. Because the trial transcript was massive, it was provided on disks. The prison authorities, for security reasons, would not allow disks to be provided to Defendant and would also not allow extensive papers. Mr. Martinez indicated that he would write a letter to Defendant, explaining not only the situation, but that Mr. Martinez is no longer representing Defendant nor is Defendant entitled to appointed counsel for purposes of a collateral attack under 28 U.S.C. § 2255. Furthermore, since the statutory sentencing range for the charges of which Defendant was convicted included life in prison, Mr. Martinez stated, and the Court concurs, that it appears that *Apprendi* would not help Defendant. *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000) (when a defendant's sentence does not exceed the statutory maximum

authorized by the jury's findings, *Apprendi* does not affect the sentence). (Document No. 2049).

The docket sheet further shows that Posada-Rios, on December 21, 2005, filed a new Motion to Compel (Document No. 2128), in which he requested copies of his trial transcripts and a copy of the docket sheet. The undersigned Magistrate Judge, relying on Judge Harmon's rulings on Posada-Rios' earlier requests, denied this motion on the ground that Posada-Rios had failed to made a particularized showing of the need for the transcript or docket sheet, and because he re-urged arguments previously rejected by the Court. (Document No. 2132). On March 7, 2006, Posada-Rios filed a Motion for Reconsideration of the Court's February 1, 2006, Order denying his Motion to Compel. (Document No. 2135). Posada-Rios' motion was denied on March 16, 2006. (Document No. 2139). On February 5, 2007, Posada-Rios filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 2179), and a Memorandum in Support of § 2255 Motion (Document No. 2178). The Government has answered and has moved to dismiss the instant action as time-barred. (Document No. 2182). Posada-Rios has responded to the Government's Motion to Dismiss. (Document No.2192). This § 2255 proceeding is ripe for ruling.

**II. Issues Presented**

Posada-Rios raises the following grounds for review:

1. He was denied due process by this Court's failure to provide him with a free copy of the trial transcripts and record of his trial.

2. His conviction on the substantive racketeering count is infirm because the jury allegedly did not receive a unanimity instruction with regard to the predicate acts.

> 3. He was denied his right to effective assistance of counsel due to his attorney's alleged failure to challenge the sufficiency of the evidence as to count three.
>
> 4. He was denied his right to effective assistance of counsel because his attorney allegedly failed to object to the admissibility of his confession on the ground that it was obtained in violation of his rights under *Miranda v. Arizone*, 384 U.S. 436 (1966).
>
> 5. He was denied his right to effective assistance of counsel based on his attorney's alleged failure to object to evidence of guilt by association.
>
> 6. He was denied his right to effective assistance of counsel at sentencing based on his attorney's alleged failure to object to an enhancement under the Guidelines for his leadership role in the offense and to the drug-quantity calculation on the ground that the amount was not foreseeable to him. (Document No. 2178, pp. 4-10).

In addition, Posada-Rios has submitted an affidavit in support of his § 2255 motion, in which he states:

> 1. At the beginning of my case Mr. Ralph Martinez was appointed to represent me. Therefore we discussed the evidence that the government had against me.
>
> 2. I told Mr. Martinez that I had never made a confession and he never did anything to exclude the alleged confession from admission at trial.
>
> 3. I also told Mr. Martinez that I was incarcerated during the time frame of the Wanda Cortes conspiracy and the R.I.C.O. conspiracy and that I never conspired with Wanda Cortes as alleged.
>
> 4. I requested a copy of my transcripts from Mr. Martinez after the appeal was affirmed. However, he refuses to provide me a copy of the legal papers and transcripts for filing post conviction relief. (Document No. 2178, page 12).

**III. Discussion**

    **A. Posada-Rios' § 2255 motion is time barred**

The United States argues that Posada-Rios' § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because it is time barred. On April 24, 1996, the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") was enacted. With the enactment of AEDPA, 28 U.S.C. § 2255 now specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, because Posada-Rios' conviction became final on January 19, 1999, he had until January 19, 2000, to file a § 2255 motion. The docket sheet shows that Posada-Rios filed his § 2255 motion on February 2, 2007, more than seven years after the expiration of the limitations deadline. Under these circumstances, Posada-Rios' motion is untimely under § 2255(1), and is subject to dismissal absent a showing that an alternate date for commencement of the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled. Posada-Rios recognizes that his § 2255 motion is untimely. Posada-Rios contends that the limitations period should be equitably tolled due to appeal counsel's refusal to provide him a copy of his trial transcripts and legal records. Posada-Rios further argues that the limitations period should be equitably tolled due to the prison's failure to provide non-english speaking inmates with an adequate alternative to the courts. According to Posada-Rios, "it is unreasonable to expect movant who has a language problem to file

his federal claim within one year without the benefit of trial transcripts, assistance of counsel or a person trained in law, or spanish law books for research." (Document No. 2192, page 2). In addition, Posada-Rios suggests that it was not possible for him to file a § 2255 motion within the one year deadline.  He writes: "after languishing in prison for over 10 years without a clue on how to proceed, movant is now fortunate to find a jailhouse lawyer that has the legal expertise to attempt to frame a non-frivolous argument (based from the Fifth Circuit's published opinion and P.S.I.), for a fair and questionable review of his § 2255 motion." (Document No. 2178, p. 3).   In response, the Government argues that Posada-Rios' § 2255 motion should be dismissed as time barred as he has not shown he has been pursuing his rights diligently and that no extraordinary circumstance impeded him from filing a § 2255 motion within the one year deadline.

     None of the alternate provisions for the commencement of the limitations period applies. Posada-Rios' § 2255 motion cannot be considered timely under 2255(4) because Posada-Rios has not, and cannot, allege that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction became final.  Further, Posada-Rios's motion cannot be considered timely under § 2255(2) because Posada-Rios has not alleged that he was in any way impeded from filing a timely § 2255 motion.  Posada-Rios was aware, prior to the expiration of the limitations period, that his request for free transcripts was premature and that a request of this nature could not and would not be entertained until a § 2255 motion was filed, and that there was no absolute right to records to prepare a § 2255 motion.  Finally, Posada-Rios' § 2255 motion cannot be considered timely under § 2255(3) because Posada-Rios' claims are not based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Further, upon this record, equitable tolling is not available. Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late filed § 2255 motion to vacate, set aside or correct sentence. *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000). In addition, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman,* 184 F.3d at 402); *See also Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999) (Inconsistent ruling by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000) (Rare and exceptional circumstances existed to warrant equitable tolling where the Movant was under mistaken impression as to filing deadline, where that mistaken impression was furthered by the District Court); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (remanding case for rehearing on equitable tolling where the petitioner alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). In contrast, the Fifth Circuit has disapproved of the application of equitable tolling for ignorance of the law or for circumstances which are "garden variety claims of excusable neglect." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir.), *cert denied*, 531 U.S. 1035 (2000); *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5th Cir. 2002).

Here, Posada-Rios has provided no basis for equitably tolling of the statutory period of limitations. Posada-Rios' contention that he could not file a § 2255 motion without his trial

transcripts or without Spanish speaking legal assistance are the type of garden variety claims of excusable neglect rejected by the Fifth Circuit. *See United States v. Polbo-Torres*, 2005 WL 8175, *2, 3:04cv1541-P (N.D.Tex. 2005) (Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling), *Cobas V. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (the inability to read and speak English is not in itself a sufficient basis for equitable tolling); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir. Dec. 13, 1999) (inability to read and speak English language does not warrant equitable tolling); *United States v. Teshima-Jiminez*, No. Crim. 97-087, 1999 WL 600326, *2 (E.D.La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling). Given the absence of any facts in the record that would constitute a rare or exceptional circumstance, equitable tolling of the limitations period is not available.

**V.  Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Posada-Rios' § 2255 motion was not timely filed and that equitable tolling is not available, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 2182) be GRANTED, that Movant Esnoraldo Posada-Rios'§ 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 2179) be DENIED, and that this § 2255 proceeding be DISMISSED as time barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections

pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 11th day of October, 2007.

Frances H. Stacy
United States Magistrate Judge