UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| VS. | } CRIMINAL ACTION NO. H-92-137-2 |
| | }  CIVIL ACTION NO. H-07-478 |
| ESNORALDO DE JESUS POSADA-RIOS; | } |
| aka JUAN FRANCISCO PEREZ; aka | |
| HECTOR FUENTES | |

## **OPINION & ORDER**

Pending before the Court are Magistrate Judge Stacy's Memorandum and Recommendation (Doc. 2198); and Petitioner Esnoraldo De Jesus Posada-Rios's ("Petitioner") Objections thereto (Doc. 2199).

Petitioner filed his § 2255 motion after the one-year statute of limitations imposed by AEDPA expired. He argues, however, that the statute of limitations should be equitably tolled because of excusable neglect. Specifically, Petitioner argues that he 1) could not file his motion without a complete set of his legal papers and transcripts and 2) could not file his motion without Spanish language legal assistance.

The recommendation relies on persuasive legal authorities that equitable tolling of the AEDPA limitations period does not occur on grounds of lack of English-speaking ability. For example, "[i]nability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling." *See Zinsou v. Dretke*, 2004 U.S. Dist. LEXIS 26203, 2004 WL 2381243, *1, 4:04cv566-A (N.D.Tex. Oct. 22, 2004) (adopting recommendation of the magistrate judge) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984, 155 L. Ed. 2d 677, 123 S. Ct. 1793 (2003) (the inability to read and speak English is not in itself a sufficient basis for equitable tolling)); *United*

*States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec. 13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling); *United States v. Teshima-Jiminez*, 1999 U.S. Dist. LEXIS 12377, No. CRIM. 97-087, 1999 WL 600326 at *2 (E.D.La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling). The Court finds these authorities should be followed.

As Petitioner points out, the Supreme Court has recognized a general Constitutional right that non-English speaking inmates be granted adequate legal assistance. *Lewis v. Casey*, 518 U.S. 343, 357 (U.S. 1996). This does not meant that they require the assistance of bilingual counsel, but that bilingual legal assistants or some equivalent be made available by the prisons. *Id*. The Supreme Court, however, has not addressed the specific issue of equitable tolling based on the failure to provide legal assistance in the inmates' language. Therefore, this Court declines to find that *Lewis* bears on this question. All the remaining legal authorities Petitioner relies on are non-persuasive, not on point or non-controlling.

Furthermore, the Court has previously found that Petitioner did not have a right to transcripts until after he had filed a section 2255 motion and demonstrated it was non-frivolous. As for his other legal papers, the Court has held an evidentiary hearing where the Court ascertained that the Board of Prisons would not permit Petitioner access to the documents because of the risk to security.

In conclusion, Petitioner has filed his section 2255 motion over seven years after the deadline. He makes a less than credible argument that in this length of time he could not bring his claim because of Spanish language barriers within the prison, which he has now overcome. The recommendation competently relied on numerous persuasive authorities from the

Fifth Circuit district courts to find that there is no equitable tolling on these grounds, even if true. Petitioner's objections consist only of the presentation of a Supreme Court case that does not address equitable tolling and other cases that are not from the Fifth Circuit and therefore not controlling.

Accordingly, it is hereby, ORDERED that the Magistrate Judge's Recommendation is FULLY ADOPTED;

And, it is further, ORDERED that this § 2255 proceeding be DISMISSED as time-barred.

SIGNED at Houston, Texas, this 16th day of April, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE