IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | § § § |
| v. | § CRIMINAL ACTION NO. 4:92-CR-137-2 |
| ESNORALDO DE JESUS POSADA-RIOS, *Defendant*. | § § § § |

## ORDER

Before the Court are Defendant Esnoraldo de Jesus Posada-Rios's ("Posada-Rios") Motions for Compassionate Relief Pursuant to 18 U.S.C. § 3582. (Doc. Nos. 2339, 2340). The Government has filed a response in opposition. (Doc. No. 2341). In that response, the Government has conceded that Posada-Rios has exhausted his administrative remedies. That being the case, the Court will proceed to consider the merits of his motions.

**I.     Background**

On October 19, 1993, Posada-Rios was found guilty by a jury on charges of conspiracy to participate in a RICO enterprise, participation in a RICO enterprise, and participation in a conspiracy to possess with intent to distribute cocaine. The Court sentenced him to life imprisonment on each count (all counts to run concurrently) and allowed this sentence to run concurrently with the state court sentence Posada-Rios was already serving for drug distribution in New York. (Doc. No. 1243). He appealed his sentence, but it was affirmed by the Fifth Circuit in 1998. (Doc. Nos. 1906, 1918). He filed a Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C. § 2255 which was denied by this Court in 2009. (Doc. Nos. 2179, 2238). In 2019, he filed a motion to reduce his sentence under 18 U.S.C. § 3582 (Doc. No. 2316) which was denied (Doc. No. 2323) and a Motion to Strike Weapon Enhancement (Doc. No. 2330)

which was also denied (Doc. No. 2334). These orders were affirmed by the Fifth Circuit. (Doc. Nos. 2337, 2338).

He has now served approximately 29 years of his life sentence. He is currently housed in the Atwater USP in Atwater, California. His motions for compassionate release are based solely on the worry about the COVID-19 virus and the failing health of his mother. These concerns are no doubt enhanced due to the fact that his brother, a co-conspirator in this case, died in prison due to pulmonary problems allegedly related to the COVID-19 virus.

Posada-Rios spends the vast majority of his motion arguing he has already spent too much time in jail, he is not a danger to this country, he has a place in Columbia to go home to, and he is needed there to care for his ailing mother.

The COVID-related allegation in Posada-Rios's motions is that the Court generally needs to consider the dangers of COVID-19, especially as it affects inmate populations. While Posada-Rios's concerns about the COVID-19 situation for the incarcerated are certainly valid, the situation, according to all information available to the Court, is resolving. The current published statistics for the Atwater facility (as of May 17, 2021) indicate that there are no inmates (out of a total population of 933) that test positive and only two staff members that are currently testing positive for the virus. Over 430 inmates and staff members have tested positive and recovered from contracting the virus. There have been no deaths at Atwater over the length of the pandemic. Moreover, all staff members and over 33% of the inmates at Atwater have now been inoculated against COVID-19. The inoculation program is ongoing.[1] The protective measures instituted at Atwater are clearly having an effect, because the number of individuals testing positive has literally dwindled to nothing.

Posada-Rios implies that he is unusually susceptible to COVID-19 due to his age and

---

[1] *See* Bureau of Prisons (2021). COVID-19 Vaccine Implementation. https://www.bop.gov/coronavirus/

2

that, along with the fact that he has already served 29-30 years in jail, equates to an extraordinary and compelling reason to convert his sentence to time served. The record demonstrates that Posada-Rios is 61 years old and is Hispanic, both of which put him statistically at a higher risk for severe problems should he contract the COVID-19 virus.

The Court agrees that historically being Hispanic and being older are both characteristics that have increased the severity of COVID-19, should one contract it.[2] There have been some questions raised as to whether the fact that being Hispanic actually makes one more susceptible or whether Hispanic numbers are higher than the comparison groups due to the fact that Hispanics find it more difficult to obtain quality medical care for a number of socio-economic reasons. If the latter is indeed the cause of the higher COVID-19 numbers, that differential should be minimized by the fact that Posada-Rios is in custody and has access to medical care. Further, while the CDC has indicated that being in the 50 to 64-year-old age bracket makes one more susceptible, its statistics were based upon those who were not vaccinated.

**II.     Discussion**

Section 3582(c)(1)(A)(ii) requires any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018). Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1. These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

---

[2] *See* Centers for Disease Control and Prevention (2021). COVID-19 Racial and Ethnic Disparities. https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/racial-ethnic-disparities/disparities-illness.html

3

recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1. Posada-Rios does not fall within the auspices of subsection (a)-(c), so the only basis of his claim can be subsection (d), which only applies if extraordinary and compelling circumstances exist.

Courts differ on whether Application Note 1 remained binding after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

Posada-Rios is 61 years old and he does not voice any specific health complaints. While his race and age increase the risk of severe problems if he is infected with COVID-19, the real legal question is whether this combination of facts equates to "extraordinary and compelling reasons" for compassionate release. The Court finds they do not. Based upon the evidence provided, the Court finds there are no extraordinary or compelling circumstances, especially when compared to any other inmate, to release him at this time.

4

## III. Conclusion

The Court denies Posada-Rios's Motions for Compassionate Relief Pursuant to 18 U.S.C. § 3582. (Doc. Nos. 2339, 2340).

SIGNED at Houston, Texas this 18th day of May, 2021.

Andrew S. Hanen
United States District Judge